IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-136-BO

| | | |
|---|---|---|
| MICHAEL J. GIBBONS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| STANLEY WILLIAMS, | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss plaintiff's amended complaint and motion for sanctions. Plaintiff has responded,[1] and the matters are ripe for ruling. For the reasons discussed below, the motion to dismiss is granted but the court declines to impose sanctions against plaintiff and his counsel.

## BACKGROUND

Plaintiff is a North Carolina-licensed landscape architect who filed this action pursuant to 42 U.S.C. § 1983 against a former vice-chair and chair of the North Carolina Board of Landscape Architecture (NC BLA) seeking money damages. The amended complaint alleges that defendant failed to properly investigate a complaint filed by plaintiff against his former employer for failure to comply with the rules relating to the supervision of work by unlicensed landscape architects. Plaintiff contends that through his inaction, defendant caused plaintiff to suffer loss of income and loss of property due to his loss of employment following his complaint about his employer, as well as the diminution in value of plaintiff's professional license.

---

[1] Because the Court has considered plaintiff's response to the instant motion, his motions to extend time to respond [DE 23 & 24] are GRANTED.

## DISCUSSION

The NC BLA is an agency of the State of North Carolina. N.C. Gen. Stat. § 89A-3(a). Plaintiff's amended complaint specifically alleges that defendant, an individual, is being sued in his official capacity as vice-chair or chair of the NC BLA. A suit against a state official in his official capacity "is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983" and are therefore not subject to suit. *Id.*; *see also Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("*Will* establishes that the State and arms of the State . . . are not subject to suit under § 1983 in either federal court or state court."). Moreover, "it is well settled that the Eleventh Amendment bars a suit by private parties to recover money damages from the state or its alter egos acting in their official capacities." *Huang v. Bd. of Governors of Univ. of N. Carolina*, 902 F.2d 1134, 1138 (4th Cir. 1990).

In light of the foregoing, the Court lacks subject matter jurisdiction and defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is granted. Defendant further asks the Court to impose sanctions against plaintiff and his counsel for filing a clearly baseless complaint. Sanctions may be imposed when pleadings filed are not well-grounded in law or fact or when pleadings are filed merely for the purposes of harassment or delay. Fed. R. Civ. P. 11(b)-(c); *see also In re Kunstler*, 914 F.2d 505, 513 (4th Cir. 1990).

Though the Court agrees that plaintiff's claims have no basis in law and are plainly barred by long-standing maxims, the Court is not required under the rule to impose sanctions. *See e.g. Cabell v. Petty*, 810 F.2d 463, 466 (4th Cir. 1987) (citing former Rule 11 which stated that

2

sanctions *shall* be imposed upon a finding that the rule had been violated). Because the Court finds that the imposition of sanctions here would not serve the stated purpose of Rule 11 to "deter repetition of the conduct or comparable conduct by others similarly situated," the Court declines to impose sanctions in this instance. Counsel and plaintiff are cautioned, however, not to repeat their actions and file further complaints related to these claims without ensuring that they are well-grounded in law and are not being filed for some improper purpose.

## CONCLUSION

For the foregoing reasons, plaintiff's motions to extend time to respond [DE 23 & 24] are GRANTED, defendant's motion to dismiss plaintiff's amended complaint [DE 18] is GRANTED, and defendant's motion for sanctions [DE 21] is DENIED. All other pending motions are DENIED AS MOOT.

SO ORDERED, this 30 day of August, 2013.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3